IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY WINKFIELD, #R-74765, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00584-JPG |
| | ) |
| WARDEN, SGT. FOLSOM, | ) |
| C/O DEEN, LT. QUIGLEY, | ) |
| and UNKOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Larry Winkfield, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) for constitutional deprivations that arose from his assault by two officials at Shawnee Correctional Center ("Shawnee") on August 20, 2013. Plaintiff now sues the two officials, Sergeant Folsom and C/O Deen, for their use of excessive force against him and for his subsequent denial of access to medical care. He also sues three other officials, including Shawnee's warden, Lieutenant Quigley, and Internal Affairs Officer Doe, in conjunction with this incident. Plaintiff seeks monetary relief (Doc. 1, p. 9).

**The Complaint**

According to the complaint, Plaintiff was assaulted by Defendants Folsom and Deen on August 20, 2013 (Doc. 1, pp. 5-8). On that date, Defendant Folsom asked Plaintiff to identify the owner of a bottle of body wash in Plaintiff's cell. Plaintiff identified the body wash as his own. When Defendant Folsom asked Plaintiff to explain why it was in his cell, Plaintiff responded, ". . . to wash up and to clean my cell[.] [W]hy do you think people got

1

bodywash in there cell for? [T]hat was a crazy a** question you ask me 'why do you got soap at home for sir[']?(sic)" (Doc. 1, p. 6).

In response to Plaintiff's comments, Defendant Folsom allegedly "threw" Plaintiff's head into the wall and punched him in the left eye, causing Plaintiff to become dizzy and suffer from blurred vision (Doc. 1, p. 6). Defendant Deen entered the cell and used his body to pin Plaintiff against the wall, as Plaintiff and Defendant Folsom "had a few more words" (Doc. 1, p. 6). Defendant Folsom tossed Plaintiff's fan onto the floor, destroying it. Both Defendants then pulled Plaintiff's arm through the chuckhole to take off his handcuffs and cut Plaintiff's arm in the process, causing bad bleeding.

Plaintiff informed the "major, warden, and lieutenant" about the assault (Doc. 1, pp. 6-7). In response, they placed him in handcuffs and moved him to a different cell "out of spite" (Doc. 1, p. 7). Plaintiff wrote a grievance and a letter to internal affairs, but he received no response.

Plaintiff also told Defendant Quigley about his injuries during an adjustment committee hearing that followed (Doc. 1, p. 7). Defendant Quigley agreed to talk to internal affairs about the incident and to have photos taken of Plaintiff's swollen eye, but nothing was ever done. Plaintiff also provided Defendant Quigley with the names of potential witnesses, but none were ever contacted.

Plaintiff received no medical treatment for his injuries until the day after the incident. At some point, a doctor gave him Prednisolone[1] for his eye and recommended treatment at a hospital (Doc. 1, p. 8). However, as of the date he filed this action approximately nine months

---

[1] Prednisolone is a synthetic adrenal corticosteroid that is used to treat a number of conditions, including inflammation, severe allergies, adrenal problems, arthritis, asthma, eye or vision problems, etc. See http://www.mayoclinic.org/drugs-supplements/prednisolone-oral-route/description/drg-20075189.

later, Plaintiff had not been to a hospital and continues to suffer from blurry vision and a runny eye.

Plaintiff now sues Defendants Shawnee's warden, Folsom, Deen, Quigley, and Doe for unspecified constitutional violations that allegedly resulted from the incident on August 20, 2013.  He seeks monetary damages (Doc. 1, p. 9).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under § 1915A.

**Discussion**

Plaintiff brings this suit against five state officials for constitutional violations that arose from his alleged assault on August 20, 2013. In the absence of any reference to specific constitutional violations, the Court finds it convenient to divide the complaint into four counts for the purpose of this discussion. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Count 1: **Eighth Amendment excessive force claim;**

Count 2: **Eighth Amendment deliberate indifference to serious medical needs claim;**

Count 3: **Eighth Amendment failure to protect claim; and**

Count 4: **Fourteenth Amendment failure to investigate claim.**

**Count 1 – Excessive Force**

After carefully considering the allegations, the Court finds that the complaint states a colorable excessive force claim (**Count 1**) against Defendants Folsom and Deen. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith

4

effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  The allegations in the complaint suggest that Defendants Folsom and Deen used excessive force against Plaintiff on August 20, 2013.  Accordingly, Plaintiff shall be allowed to proceed with Count 1 against them at this early stage in litigation.

However, Shawnee's warden and Defendants Doe and Quigley are not mentioned, or implicated, in connection with the excessive force claim, so Plaintiff cannot proceed with Count 1 against them.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  No allegations in the complaint suggest that any of these three defendants participated in the use of excessive force against Plaintiff or approved of it.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Folsom and Deen.  However, this claim shall be dismissed against Defendants Shawnee's warden, Quigley, and Doe.

**Count 2 – Deliberate Indifference to Medical Needs**

The complaint also states a colorable Eighth Amendment denial of medical needs claim (**Count 2**) against Defendants Folsom and Deen, for failing to secure medical treatment for Plaintiff following the alleged assault.  This claim fails against all remaining defendants, including Defendants Shawnee's warden, Quigley, and Doe.

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment

5

under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A serious medical need is one that is obvious to a lay person or one that has been diagnosed by a physician as requiring treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). At this early stage, the Court finds that Plaintiff's allegations of a swollen eye, runny eye, blurry vision, and badly bleeding arm are sufficiently serious to support an Eighth Amendment claim.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.

The complaint suggests that Defendants Folsom and Deen were deliberately indifferent to Plaintiff's medical needs when they took no steps to secure medical care for him following the assault. However, the complaint does not support a claim against Defendants Shawnee's warden, Quigley, or Doe. No allegations suggest that these defendants had any knowledge of

6

Plaintiff's injuries or were asked for assistance in obtaining treatment. Instead, the complaint vaguely alludes to putting a "major, warden, and lieutenant" on notice of the assault, without naming anyone who specifically denied Plaintiff access to medical care after learning of his injuries and need for treatment.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Folsom and Deen. However, this claim shall be dismissed against Defendants Shawnee's warden, Quigley, and Doe.

**Count 3 – Failure to Protect**

The complaint fails to state a failure to protect claim under the Eighth Amendment (**Count 3**) against any Defendants. In order for a plaintiff to succeed on a failure to protect claim, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Farmer*, 511 U.S. at 834. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

The allegations do not suggest that any Defendant was aware of a specific threat to Plaintiff's safety, yet failed to act. Instead, the August 2013 incident appears to have occurred without warning to anyone, even Plaintiff. Although Plaintiff alleges that he told a "major,

warden, and lieutenant" about the assault after the fact, he goes on to allege that they immediately relocated him to another cell (Doc. 1, pp. 6-7).  This relocation of Plaintiff to another cell following the assault suggests that the officials were trying to remove Plaintiff from harm's way, not place him at further risk of assault.  Accordingly, **Count 3** shall be dismissed without prejudice against all Defendants for failure to state a claim upon which relief may be granted.

**Count 4 – Failure to Investigate**

Finally, the complaint offers no basis for a claim against Defendant Quigley, or any other Defendant, based on his alleged failure to investigate the August 2013 incident at Plaintiff's urging.  The failure to investigate a prisoner's complaints simply does not make an official liable for damages under § 1983.  *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").  The official must have personally participated in the constitutional deprivation.  The complaint does not suggest that Defendant Quigley had any personal involvement in the August 2013 incident.  Therefore, **Count 4** fails to state a claim upon which relief may be granted and shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order of this Court.

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to **United States Magistrate Judge Philip M. Frazier** for further consideration.

Plaintiff's motion to pay my fees (Doc. 6) is hereby **DENIED**.  In the motion, Plaintiff asks the Court to "bill [his] prison account" for the cost of filing this action.  The Court cannot

8

"bill" his prison account in the manner he requests. Plaintiff has two options. He can either pay the full filing fee of $400.00 or file a motion for leave to proceed *in forma pauperis* ("IFP Motion"). The Court notes that Plaintiff has *already* filed an IFP Motion. However, before the Court can decide this motion, Plaintiff must provide the Court with a certified copy of his Trust Fund Account Statement (or institutional equivalent) for the period 11/1/2013 to 5/21/14, on or before July 14, 2014. The Court previously advised Plaintiff of this obligation in an Order (Doc. 5) entered on May 28, 2014, and warned him that his failure to provide this information will result in dismissal of this action for failure to comply with an Order of this Court under Federal Rule of Civil Procedure 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kaminga*, 34 F.3d 466 (7th Cir. 1994).

**Disposition**

IT IS HEREBY ORDERED that **COUNT 3** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted. **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim for relief.

IT IS FURTHER ORDERED that Defendants **SHAWNEE'S WARDEN, LT. QUIGLEY,** and **INTERNAL AFFAIRS OFFICER DOE** are **DISMISSED** without prejudice.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **SERGEANT FOLSOM** and **C/O DEEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

10

his application to proceed *in forma pauperis* has not yet been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2014**

*s/J. Phil Gilbert*<br>**U.S. District Judge**